# EXHIBIT

# "A"

3

THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

11-28-17   PERSON OFFICE SHERIFF'S ENTRY OF SERVICE

17 DEC -5 PH 4:04

Tara Gaines

Case Number SPCV17-01010-MO

Cause of Action Contract, Employment

DEP CLK SUPERIOR CT.
CHATHAM COUNTY, GA.

Plaintiff(s)

Pierre Ifill, Esq.

vs. City Of Savannah

Defendant(s)

(Plaintiff or Plaintiff's Attorney)

NOTICE OF SERVICE ON:

Garnishee

City of Savannah, Mayor
Eddie Delaoch at 2 E. Bay Street,
Savannah, GA 31401

(Name and Address of Person Served)

**PERSONAL**

I have this day served the Defendant _____ personally with a true copy of the within petition and summons.

This _____ day of _____ 20 ____ . _____ , Deputy Sheriff

**RESIDENTIAL**

I have this day served the Defendant _____ with a true copy of the within petition and summons by serving same upon _____ a person Sui Juris residing on the premises.

This _____ day of _____ 20 ____ . _____ , Deputy Sheriff

**CORPORATE**

I have this day served the Defendant City of Savannah , a corporation, with a true copy of the within petition and summons by handing the same in person to Charlotte Turner , an officer of said corporation.

This 1 day of Dec 20 17 . CMunoz 755 , Deputy Sheriff

**TACKED AND MAILED**

I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in an envelope properly addressed to Defendant at his last known address with sufficient postage affixed.

This _____ day of _____ 20 ____ . _____ , Deputy Sheriff

**GARNISHEE**

I have this day at the hour of _____ served the Summons of Garnishment upon _____ by handing the original of same to _____ in person, he/she being _____ and agent in charge of _____ at the time of service in Chatham County.

This _____ day of _____ 20 ____ . _____ , Deputy Sheriff

**MAILED**

This is to certify that I have this day served the Defendant _____ with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to Defendant at his last known address as shown in said Affidavit, with adequate postage affixed thereon.

This _____ day of _____ 20 ____ . _____ , Deputy Sheriff

**DILIGENT SEARCH**

Diligent search made and Defendant is not to be found in the jurisdiction of this court _____

This _____ day of _____ 20 ____ . ENTERED INH DEC 0 5 2017 , Deputy Sheriff

IN THE SUPERIOR COURT OF CHATHAM COUNTY

STATE OF GEORGIA

CIVIL ACTION
NUMBER _SPCV17-01010-MLD_

Tara Gaines
_____
_____
_____
                    **PLAINTIFF**

VS.

City of Savannah
Joseph Lumpkins, John Best and
Christoph Hewett
                    **DEFENDANT**

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint,

This ___19th___ day of ___October___, 2017

TAMMIE MOSLEY
Clerk of Superior Court
CHATHAM COUNTY

By ___Andrea Byrd___
              Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev 04

IN CHATHAM SUPERIOR COURT

RECEIVED FOR RECORD

2017 OCT 19  P 4: 46

_____ TERM _____

TAMMIE MOSLEY-CLERK
SUPERIOR COURT C.C. GA

VS.

ORIGINAL

Filed in the Clerk's Office this _____ 19th _____

day of _____ October _____, 2017

~~Clerk~~, Dep. Clerk, S.C.C.C. GA

PLAINTIFF'S ATTORNEY

RECEIVED FOR RECORD

2017 OCT 19 ⍴ 4: 46

*Tammie Mosley*

TAMMIE MOSLEY-CLERK
SUPERIOR COURT C.C. GA

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

TARA GAINES

                        Plaintiff,

v.

CITY OF SAVANNAH, JOESPH LUMPKIN,
SR, Individually and in his Capacity as Chief
of Police for the Savannah Metropolitan Police
Department, JOHN BEST, Individually and in
his Official Capacity as Captain with the
Savannah Metropolitan Police Department and
CHRISTOPHER HEWETT, Individually and
in his Official Capacity as Sergeant with the
Savannah Metropolitan Police Department

                        Defendant(s).

CIVIL ACTION
FILE NO.: SPCV17-01010-MO

## JURY TRIAL DEMANDED

## COMPLAINT

    COMES NOW Tara Gaines, plaintiff, and makes and files this complaint against The
City of Savannah, The Savannah Chatham Metropolitan Police Department, as follows:

- 1 -

## JURISDICTION AND VENUE

1.

This court has subject matter jurisdiction pursuant to Collins v. Department of transportation, et al 208 Ga. App. 53 which held Superior courts in Georgia have subject-matter jurisdiction over timely Title VII claims filed pursuant to Equal Employment Opportunity Commission (EEOC) notification to claimant that, federal prerequisites having been fulfilled, suit may be filed, irrespective of limitation on judicial review of administrative action in Georgia Fair Employment Practice Act. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.; O.C.G.A. §§ 15-6-8(1), 45-19-39, 45-19-41; Const. Art. 6, § 4, Par. 1.

2.

Jurisdiction and venue are proper in this court.

## PARTIES

3.

·Plaintiff Tara Gaines is an African American female citizen of the United States of America and a resident of Nevada. Plaintiff is subject to the jurisdiction of this court.

5.

Defendant City of Savannah is a political subdivision of the State of Georgia and is subject to the jurisdiction of the court. The City acts under color of Georgia law. The City may be served with process by serving Mayor Eddie Deloach at 2 E. Bay Street Savannah, Georgia 31401.

6.

Defendant Joseph Lumpkin is, and has been at all times relevant to this action, the Chief of Police of the City of Savannah, Georgia. Defendant Lumpkin resides in Chatham County and is subject to the personal jurisdiction of this court. Defendant Lumpkin acts under the color of local and Georgia law. As chief of Police, Defendant Lumpkin is a final policy making official for the City with regard to matters coming within the jurisdiction of his department. Defendant Lumpkin may be served with process at his business address of Savannah Chatham Metropolitan Police Department at 2 E. Bay Street Savannah, Georgia 31401.

7.

Defendant John Best is, and has been at all times relevant to this action, a Captain of the Savannah Chatham Metropolitan Police Department. Defendant Best resides in Chatham County and is subject to the personal jurisdiction of this court. Defendant Best may be served with process at his business address of Savannah Chatham Metropolitan Police Department at 2 E. Bay Street Savannah, Georgia 31401.

8.

Defendant Christopher Hewett is, and has been at all times relevant to this action, a Sergeant (hereby referred to as Sgt.) of the Savannah Chatham Metropolitan Police Department. Defendant Hewett resides in Chatham County and is subject to the personal jurisdiction of this court. Defendant Hewett may be served with process at his business address of Savannah Chatham Metropolitan Police Department at 2 E. Bay Street Savannah, Georgia 31401.

## ADMINISTRATIVE PROCEDURES

9.

Plaintiff timely filed a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission (hereby referred to as EEOC).

10.

The EEOC issued a "Notice of Right to Sue". Entitling plaintiff to commence this action within ninety (90) days of her receipt of that notice. This action has been commenced within ninety (90) days of Plaintiff's receipt of that notice.

## FACTS

11.

Plaintiff Gaines, then Giles while working with Savannah Chatham Metropolitan Police Department, became Post Certified on October 07, 2008 and was assigned to Precinct 5 until her termination from the Department.

12.

Plaintiff became a member of the Crime Suppression Unit (hereby referred to as CSU) of Precinct 5 in 2009.

13.

Plaintiff was the only African American officer in the Precinct from November 18th, 2011 until October 2015.

14.

Precinct 5 encompasses the area(s) of Wilmington Island and Isle of Hope, to which are predominate high income white communities.

15.

Plaintiff's immediate supervisors were Sgt. Christopher Hewett and Sgt. Chris Hinson.

16.

Plaintiff's Lieutenant was Mike Izzo and her Captain was John Best.

17.

Captain Best was good friends with Lieutenant Izzo, Sgt.(s) Hewett and Hinson.

18.

Sgt.(s) Hinson and Hewett favored officers Britt and Schwardt.

19.

The Sgt.(s) would refer to officers Britt and Schwardt as twins and would send them on special assignments or allow them to ride undercover while on their tour of duty.

20.

Plaintiff has observed first hand, the very few African American officers assigned to Precinct, be disciplined more harshly than their white counterparts for similar policy infraction to include termination for sleeping on shift.

21.

In September 2013, plaintiff initiated Internal Affairs complaints against Patrolmen Brady Schwardt, Patrolmen Peter Britt, Advanced Patrol Officer Alan Arflin, Advanced Patrol Officer Charles (CJ) Wilson and Sargent Chris Hinson.

22.

Plaintiff initiated complaints against officers Schwardt for calling his off-duty weapon "Zimmerman" when he got into a verbal confrontation at the movie theaters with African American patrons and for calling African Americans citizen in the communities "dirties" and "ninja", as a synonym for "Nigger", to which the complaints were sustained.

22.

Plaintiff's complaints against officers Britt and Arflin were for constantly using the words "dirties" and "ninja, as a synonym for "Nigger", as they referred to African American citizens in the communities, to which the complaints were sustained.

23.

Plaintiff's complaint against officers Wilson for using the words "dirties" and "ninja" were not sustained.

24.

Plaintiff's complaint against Sgt. Hinson for making her change traffic citations to warnings that she legally wrote, were not sustained, although Sgt. Hinson and Lieutenant Izzo admitted that Sgt. Hinson told plaintiff to change her citations to warning in predominate white communities.

25.

After plaintiff's Internal Affairs' complaints, plaintiff noticed that she would be treated differently by her co-workers on CSU as well as her supervisors.

26.

Starting January 24, 2014 thought March 19, 2015, plaintiff was required to work most of the Precinct designated shifts at City Hall.

27.

Plaintiff was required to worked the majority of the City hall details although the Precinct normally would rotate officers on this detail.

28.

From August 5, 2014 through March 14, 2015, plaintiff, a senior member at Precinct, was required to work substantially more additional shifts during manpower shortages, when subordinate with less time of the department, were not.

29.

The plaintiff was the only African American female in the Precinct and one of a few African Americans in the Precinct as a whole.

30.

On April 11, 2014, the plaintiff observed, along with other officers at the Precinct, a brown in color noose, sitting atop of the trash, in plain view.

31.

Plaintiff immediately reported the noose to her superiors.

32.

- 5 -

Plaintiff then became afraid for her safety as the noose signified that plaintiff may be in clear and present danger from one of her colleagues or superiors at work.

33.

The only individuals who had access to that trash can were employed during business hours were employed by the City of Savannah.

34.

A thorough investigation into the noose's placement inside the trash can was not conducted.

35.

No disciplinary action was taken against any City of Savannah employees for the terrorist action.

36.

The Plaintiff wears a size 2 ½ boot.

37.

Plaintiff was required to wear the same boots from 2012 to 2015.

38.

Plaintiff was advised that the quartermaster, the department that issues equipment to officers, did not carry her size.

39.

Plaintiff was finally authorized to purchase her own boots on March 23, 2015.

40.

Plaintiff was advised that the city would reimburse her for the purchase of the boots.

41.

Captain Best approved and signed the Plaintiff's receipt of purchase for the boots.

43.

Plaintiff submitted and was reimbursed for the purchase of the boots.

44.

After Plaintiff was reimbursed for the purchase of the boots, the City of Savannah contacted the Plaintiff and advised her of an overpayment by the City, to the Plaintiff, for the reimbursement of the boots.

45.

- 6 -

Plaintiff advised the City that she was unaware of the overpayment, but authorized the City to deduct the difference from her payroll check.

46.

As a result of the incident, the Plaintiff was unnecessarily and maliciously subjected to an Internal Affairs' investigation for theft of government property.

47.

The charge was subsequently not sustained after the plaintiff was subjected to interrogation and humiliation.

48.

Plaintiff formally requested to additional training and selection to various detective positions, to which she was denied in favor of Caucasians females or males with less experience did she had.

49.

A department wide email went out May 9, 2014 for a Precinct level Criminal Investigation Division (herein after referred to as CID) detective.

50.

The position for Precinct 5 went to a Caucasian female.

51.

Plaintiff, as a senior officer, was almost exclusively made to participate in tactical alert call outs, from her Precinct, when that participation was generally reserved to entry level or officers with less experience and time on the department.

52.

Plaintiff was exclusively made to patrol the residence of Ex Savannah Mayor Edna Jackson when the Mayor was out of town.

53.

Plaintiff was finally made the Precinct's traffic officer in 2015.

54.

Plaintiff would often make traffic stops and would not be provided any backup.

55.

Plaintiff's personal vehicle was involved in a motor vehicle accident in December 2015.

56.

Plaintiff spoke with the at fault driver at the scene of the accident.

57.

The at fault driver never provided the Plaintiff with his personal information and he left the scene of the accident.

58.

Plaintiff called her insurance company to report the accident and they advised that she as required to have a police report.

59.

Plaintiff called an on duty officer to take a hit and run report because the at fault driver did not provide his contact information prior to leaving the scene of the accident.

60.

The on duty officer took the report and classified the report as a hit and run after his preliminary investigation of the facts.

61.

An Internal Investigation was initiated by the Plaintiff's superiors as it related to this accident.

62.

Plaintiff was interviewed on three separate occasions and gave the same account of the incident.

63.

A charge of violation of oath of office and untruthfulness was sustained against the Plaintiff.

64.

The Plaintiff was subsequently terminated from employment with the City of Savannah in January 2017.

65.

The Plaintiff voiced her concerns of harassment and unfair treatment to her superiors to no avail.

66.

**COUNT I**

## TITLE VII CLAIM FOR HOSTILE WORK ENVIRONMENT

Plaintiff realleges the proceeding paragraphs as set for herein.

67.

On a consistent basis during Plaintiff's employment with The City of Savannah, but after she filed her complaints in 2013, plaintiff was subjected to harassment by her co-workers and superiors.

68.

Plaintiff would not be transferred to other specialized units, could not work from the Precinct while she was injured, was not provided back up while on calls, and was made to perform assignments her co-workers were not required to do.

69.

The City of Savannah through its employees and complaints by the Plaintiff had knowledge of these incidents.

70.

Because of its failure to take remedial action, and it's deliberate indifference to the hostile conduct of its employees, The City of Savannah has intentionally engaged in unlawful employment practices in violation of Title VII.

71.

The effect of the conduct complained of herein has been to deprive the Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her sex, race, and prior complaints.

COUNT II

CLAIM FOR RELEIF UNDER CIVIL RIGHTS ACT OF 1991

72.

Plaintiff realeges the proceeding paragraphs as it is set forth herein.

73.

The Defendants' conduct in permitting an employee to act in a hostile manner towards Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment

- 9 -

opportunities, but exhibits malice or a reckless indifference to the federally protected rights of Plaintiff.

74.

As a direct and proximate result of Defendant's unlawful employment practices, plaintiff has been embarrassed, humiliated, and has suffered damage to her emotional health.

## COUNT III

## NEGLIGENT AND WRONGFUL HIRING, SUPERVISION AND RETENTION

75.

Plaintiff realleges the preceding paragraph as if it was fully set forth herein.

76.

Defendants nevertheless failed and refused to act to protect the Plaintiff.

77.

Defendants are thus liable to Plaintiff for all her damages as a result of individual acts of harassment endured by Plaintiff.

## COUNT IV

## PUNITIVE DAMAGES

78.

Plaintiff realleges the proceeding paragraphs as if it fully sets forth herein.

79.

The forgoing acts of the Defendants were intentional ad humiliating. Defendants' acquiescence in the harassment of the Plaintiff further evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Plaintiff is accordingly entitled to recover from Defendants', in additional to her compensatory damages, an award of punitive damages under the law of Georgia in order to punish Defendants, or to deter them from repeating such wrongful acts.

80.

As an alternative to any pecuniary loss suffered by Plaintiff, she has suffered injury to her peace, happiness and feelings as a result of the wrongful acts of the Defendants, and in such event is entitled to recover vindictive damages provided by both Federal and Georgia law.

WHEREFORE, plaintiff prays that she have a trial on all issues and judgment against defendant as follows:

(a)     That the Court adjudicate and declare that the conduct of the Defendants and its employment practices and polices complained of herein violated the Plaintiff's rights as secured under Title VII and The Civil Rights Act of 1991;

(b)     That the Court order Defendant City of Savannah, make the Plaintiff whole under Title VII by providing the appropriate back pay and reimbursement for any benefits in an amount shown at trial, and other appropriate affirmative relief;

(c)     That Plaintiff recover against Defendants a judgment for punitive damages as a result of the Defendants' willful, wanton, and malicious conduct in such an amount as the jury determines to be appropriate under the circumstances;

(d)     That Plaintiff have and recover her necessary expenses for litigation, including reasonable attorney fees; and

(d)     That all issues be tried before a jury.

This 19 day of October, 2017.

THE IFILL LAW GROUP

By: _____

Pierre L. Ifill
Georgia Bar No. 236187

Attorney for Plaintiff

P.O. Box 1968
Hinesville, GA 31310

- 11 -

P- 912-335-3888

Fax: 404-855-4131

E-mail: Pifill@theifilllawgroup.com

FILED IN OFFICE

2017 OCT 19  PH 4: 54

DEP. CLK. SUPERIOR CT.
CHATHAM CO.

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

TARA GAINES

                Plaintiff,

v.

CIVIL ACTION
FILE NO.: SPCV17-01010-MO

CITY OF SAVANNAH, JOESPH LUMPKIN,
SR, Individually and in his Capacity as Chief
of Police for the Savannah Metropolitan Police
Department, JOHN BEST, Individually and in
his Official Capacity as Captain with the
Savannah Metropolitan Police Department and
CHRISTOPHER HEWETT, Individually and
in his Official Capacity as Sergeant with the
Savannah Metropolitan Police Department

                Defendant(s).

## VERIFICATION

-1-

Personally appeared before the undersigned attesting officer, duly authorized by law to administer oaths, **Tara Gaines**, who upon first being duly sworn, deposes and states that the facts contained in the foregoing Verified Complaint are true and correct to the best of this knowledge.

This _19_ day of _October_, 2017.

_____
**Tara Gaines**

Sworn to and subscribed before me
This _19th_ day of _Oct_, 2017

_____
Notary Public
My commission expired: _7/30/2019_

MARY KELLER
Notary Public - State of Nevada
County of Washoe
APPT. NO. 15-2373-2
My App. Expires July 30, 2019

SPCV17-D1010-MO

# RULE 3.2 CERTIFICATION AND STANDING ORDER NOTICE

Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules, I hereby certify that:

(CHECK ONE)

[ ✓ ] no case has heretofore been filed in the Superior Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

OR

[ ] this petition-pleading involves substantially the same parties or substantially the same subject matter or substantially the same factual issues as in case # _____.

Tara Oraines _____ (Plaintiff) vs. City of Savannah, et al (Defendant)

This __19__ day of __October__ , 20 _17_ .

_____ Attorney/Plaintiff

# Notice of Eastern Judicial Circuit Standing Orders

<u>**YOU MUST SERVE THIS NOTICE UPON THE OPPOSING PARTY**</u> together with the initial filing of suit, counterclaim, crossclaim or interpleader. The Superior Court has adopted the following STANDING ORDERS which may apply to you and which may affect your ability to obtain a hearing:

1. **MANDATORY MEDIATION ORDER**, effective January 3, 2011:  This order requires parties to mediate their case prior to the pretrial conference or trial.  Certain limited cases are exempt from the mediation requirement.  Please secure a copy of the mediation order and determine if it applies to your case.
2. **ORDER ON PRODUCTION OF DOCUMENTS**, effective March 15, 2002 and reinstated January 3, 2011:  This order applies to all domestic cases in which temporary or permanent financial relief is sought.  The order requires the parties in such cases to exchange certain documents listed in the order within a specified time frame.  A copy of the production of documents order must be served upon the defendant together with the complaint and summons.
3. **TRANSITIONAL PARENTING SEMINAR ORDER**, effective March 10.2010 and reinstated January 3, 2011:  This order requires the parties in certain domestic cases involving the interest of children under 18 years of age to complete the "Transitional Parenting Seminar".  Please secure a copy of the mediation order and determine if it applies to your case.

COPIES OF THE STANDING ORDERS ARE AVAILABLE AT THE OFFICE OF THE CLERK OF SUPERIOR COURT OR AT:

http://www.chathamcounty.org/department_freeform_T7_R132.html

FORM 3.2 REVISED JAN 2011

DEC 1 AM 10:56
RK OF COUNCIL

FILED IN OFFICE

3

## General Civil Case Filing Information Form (Non-Domestic)

Court                County _Chatham_          Date Filed _10 - 19 - 2017_
☑ Superior                                    MM-DD-YYYY
☐ State              Docket # _SPCV17-01010-MO_

2017 OCT 19 PM 4: 53

DEP. CLK. _____ R CT.
CH _____

**Plaintiff(s)**

_Gaine    Tara_
Last    First    Middle I.    Suffix Prefix    Maiden

Last    First    Middle I.    Suffix Prefix    Maiden

Last    First    Middle I.    Suffix Prefix    Maiden

Last    First    Middle I.    Suffix Prefix    Maiden

No. of Plaintiffs _____

**Defendant(s)**

_City of Savannah,_
Last    First    Middle I.    Suffix Prefix    Maiden

_Best   John_
Last    First    Middle I.    Suffix Prefix    Maiden

_Lumpkin   Joesph_
Last    First    Middle I.    Suffix Prefix    Maiden

_Hewett   Christopher_
Last    First    Middle I.    Suffix Prefix    Maiden

No. of Defendants _B 4_

RECEIVED

**Plaintiff/Petitioner's Attorney**      ☐ Pro Se

_Ifill    Pierre    L_
Last    First    Middle I.    Suffix

Bar # _236187_

.  . . : 2017

MAYOR'S OFFICE
CITY OF SAVANNAH

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Presonal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil Specify_____

### If Tort is Case Type:
(Check no more than **TWO**)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☑ Other Specify _Employment_

_____

Are Punitive Damages Pleaded? ☑ Yes ☐ No

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| TARA GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CITY OF SAVANNAH, JOSEPH | ) | |
| LUMPKIN, SR, Individually and in his | ) | |
| Capacity as Chief of Police for the Savannah | ) | |
| Metropolitan Police Department, JOHN | ) | |
| BEST, Individually and in his Office Capacity | ) | |
| as Captain with the Savannah Metropolitan | ) | |
| Police Department and CHRISTOPHER | ) | |
| HEWETT, Individually and in his Official | ) | NOTICE OF REMOVAL |
| Capacity as Sergeant with the Savannah | ) | |
| Metropolitan Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL upon all parties to this matter by depositing a true copy of the same in the United States Mail, proper postage prepaid, properly addressed to the following:

Pierre L. Ifill
Ifill Law Firm
Post Office Box 1968
Hinesville, Georgia 31310

1269541-1

This 29<u>th</u> day of December, 2017.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*/s/ Shawn A. Kachmar*

Shawn A. Kachmar
Georgia Bar No. 405723
Rachel Young Fields
Georgia Bar No. 747407
*Attorneys for Mayor and Aldermen of the City of Savannah*
200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:     (912) 236-0261
Facsimile:     (912) 236-4936
Email: skachmar@huntermaclean.com
Email: rfields@huntermaclean.com

W. BROOKS STILLWELL
City Attorney
Georgia Bar No. 682500
JENNIFER N. HERMAN
Deputy City Attorney
Georgia Bar No. 327017
*Attorneys for the Mayor and Alderman of the City of Savannah*
OFFICE OF THE CITY ATTORNEY
Post Office Box 1027
Savannah, Georgia 31402
Telephone:     (912) 525-3092
Facsimile:     (912) 525-3267
Email: bstillwell@savannahga.gov
Email: jherman@savannahga.gov