# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TARA GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-258 |
| | ) | |
| CITY OF SAVANNAH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On December 29, 2017, defendant the City of Savannah, Georgia removed this employment discrimination case from the Superior Court of Chatham County, Georgia. *See* doc. 1 (Notice of Removal); doc. 1-2 (Complaint). At the time of removal, the City informed the Court that several individual defendants had not yet been served. Doc. 1 at 2. The City answered the Complaint the same day. Doc. 6 (Answer). On January 26, 2018, a second attorney entered her appearance on plaintiff's behalf. *See* doc. 10.

When the City removed the case, the parties received this Court's General Order, which reminded them of their obligation to confer,

1

pursuant to Fed. R. Civ. P. 26(f), by *the earlier* of 60 days after service on any defendant or 45 days after the appearance of any defendant (for example by answer). *See* S.D. Ga. L. Civ. R. 26.1(a). Forty-five days from December 29, 2017 was February 12, 2018. Sixty days from that date was February 27, 2018. The General Order also reminded the parties of their duty to file, within 14 days of their conference date, a written report conforming to the Local Rules. *See* S.D. Ga. L. Civ. R. 26.1(b). The parties' report was due, therefore, by no later than March 13, 2018.

Accordingly, within seven days of the date of this Order, the parties are directed to confer and file a joint report explaining their failure. In addition to explaining why they failed to timely file the report in the first place, the parties should also include all of the information otherwise required under Local Rule 26.1(b) and this Court's General Order (doc. 4). Failure to comply may result in a recommendation of dismissal for abandonment and violation of the Court's rules and orders. *See* Fed. R. Civ. P. 41(b); Local Rule 41.1(c); *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("[D]istrict court[s] possesses the inherent power to police [their] docket[s]" and to prune out those cases left to

languish by their litigants) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989).

**SO ORDERED,** this 27th day of March, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA